IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANE CRUZ,

        Plaintiff,

v.

HUNTER HASTINGS,

        Defendant.

Case No. 6:19-cv-00043-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Shane Cruz filed this action against Defendant Hunter Hastings, alleging injuries from an altercation between Mr. Cruz and Mr. Hastings on March 31, 2017. The Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship.

    Mr. Hastings has filed a Motion to Dismiss (ECF No. 23) pursuant to Fed. R. Civ. P. 12(b)(6), alleging that the applicable statute of limitations bars Mr. Cruz's claims. Based on the record before the Court, Mr. Cruz failed to effectuate proper service within the statute of limitations, so Mr. Hasting's motion is GRANTED. However, because of the potential applicability of equitable tolling under Oregon law, the case is DISMISSED without prejudice and Mr. Cruz is granted leave to file an amended complaint within 30 days of this Opinion and Order.

**STANDARDS**

    To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain

1 – OPINION AND ORDER

sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Mr. Cruz filed his initial complaint on January 11, 2019, alleging assault, battery, and intentional infliction of emotional distress. Compl., ECF No. 1. Mr. Cruz alleged that the claim arose on March 31, 2017. Compl. ¶ 10. When a case arises under diversity jurisdiction, such as the one here, the Court will apply federal procedural rules and substantive state law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). "A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). Accordingly, Mr. Cruz's claims are subject to a two-year statute of limitations, giving him until March 31, 2019 to commence this action. Or. Rev Stat. § 12.110. In Oregon, the case commences on either the date the case is filed, if service is

effectuated within 60 days or, if service is effectuated outside the 60-day grace period, then the case is commenced on the date proper service is achieved. Or. Rev. Stat. § 12.020(1)-(2).

Mr. Cruz was required to properly serve Mr. Hasting's under Fed. R. Civ. P. 4 but was still subject to Oregon's time limitation provisions. *See Pelster ex rel Boyer v. Walker*, 185 F. Supp. 2d 1174, 1179 (D. Or. 2001) ("Even though Rule 4(m) gives the court authority to extend time to effect service of a complaint, Rule 4(m) does not change the substantive time limitation provisions of state law."). Mr. Cruz originally attempted to serve Mr. Hasting's on February 6, 2019. Certificate of Service 2, ECF No. 7. The process server hired by Mr. Cruz left the summons at Mr. Hasting's residence with a "Jennifer, female occupant of the home." *Id.* However, it appears that "Jennifer" was not a resident, but rather a dogwalker hired by Mr. Hasting's roommate. Decl. of Hunter Hastings ¶ 4, ECF No. 14. While proper service is possible by leaving a copy of the summons and complaint at the defendant's "usual place of abode with someone of suitable age and discretion," that someone must "*reside* there." Fed. R. Civ. P. 4(e)(2)(B) (emphasis added); *see also U.S. v. Rose*, 437 F. Supp. 2d 1166, 1172 (S. D. Cal. 2006) ("Where substitute service is used, the person with whom the summons is left must also be a resident of the 'usual place of abode.'"). Because "Jennifer" was not a resident of the home, the service attempt on February 6, 2019 was defective.

Pursuant to the Court's Order (ECF No. 15) requiring Mr. Cruz to re-effectuate service of process, Mr. Cruz properly served Mr. Hasting's on June 5, 2019. Acceptance of Service, ECF No. 17. Under Oregon law and without anything more, this case commenced outside the applicable two-year statute of limitations. Or. Rev. Stat. §§ 12.020, 12.110.

In response to Mr. Hasting's Motion to Dismiss, Mr. Cruz filed an Amended Complaint (ECF No. 24) on November 20, 2019 but failed to obtain leave of court or Defendant's consent in

3 – OPINION AND ORDER

writing, violating Fed. R. Civ. P. 15(a)(2). Therefore, the Amended Complaint is STRICKEN and was not considered when deciding Mr. Hasting's Motion to Dismiss.

Similarly, Mr. Cruz's Response to the Motion to Dismiss (ECF No. 25) failed to adhere to the two-week deadline imposed by Local Rule 7-1(e)(1) and Mr. Cruz never moved for a time extension. Mr. Hasting requested that the Court strike Mr. Cruz's response as untimely. Reply to Mot. to Dismiss 2, ECF No. 26. This is not the first time that Mr. Cruz has failed to litigate this case diligently. *See* Or. to Show Cause, ECF No. 6. Nevertheless, while Mr. Cruz's response was filed 12 days late, the Court declines to strike Mr. Cruz's response as untimely. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

Because there is still a possibility that the applicable statute of limitations is tolled pursuant to Or. Rev. Stat. § 12.150, Mr. Cruz is granted leave to file an amended complaint within 30 days of this Opinion and Order. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (citations and quotations omitted).

## CONCLUSION

Based on the foregoing reasons, Mr. Hasting's Motion to Dismiss (ECF No. 23) is GRANTED and the case is DISMISSED without prejudice. Mr. Cruz is granted leave to file an amended complaint within 30 days of this Opinion and Order.

IT IS SO ORDERED.

DATED this 23rd day of December, 2019.

                                                  s/Michael J. McShane
                                                    Michael McShane
                                             United States District Judge