IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHANE CRUZ,

        Plaintiff,

v.

HUNTER HASTINGS,

        Defendant.

Case No. 6:19-cv-00043-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Shane Cruz moves for partial summary judgment on his claims of assault and battery under the principles of collateral estoppel. Because Defendant Hunter Hastings's guilty plea does not establish the requisite intent necessary for a successful assault and battery tort claim, Mr. Cruz's Motion for Partial Summary Judgment, ECF No. 30, is DENIED.

**STANDARDS**

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict for the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller*

1 – OPINION AND ORDER

*Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Mr. Cruz argues that under the doctrine of collateral estoppel, Mr. Hasting's previously entered guilty plea makes Mr. Hastings liable for assault and battery. Pl.'s Mot. for Summ. J. 3, ECF No. 30. Collateral estoppel, or issue preclusion, "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001). Collateral estoppel applies when it is established that "(1) the issue necessarily decided at the previous proceedings is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the first proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (internal quotation marks and citation omitted).

Mr. Hastings was convicted of strangulation, under Or. Rev. Stat. § 163.187, based on a guilty plea. *See* Decl. of Micah D. Fagey ¶ 2, Ex. A. Oregon's strangulation statute provides:

> (1) A person commits the crime of strangulation if the person *knowingly* impedes the normal breathing or circulation of the blood of another person by: (a) Applying pressure on the throat, neck or chest of the other person; or (b) Blocking the nose or mouth of the other person.

Or. Rev. Stat. § 163.187 (emphasis added). Relatedly, to bring a successful assault and battery claim, Mr. Cruz must prove that Mr. Hastings "act[ed] *intending to* cause a harmful or offensive

touching with the person of another . . . or an imminent apprehension of such contact; and . . . harmful or offensive contact with the person of the other directly or indirectly results (battery) or the other person is thereby put in imminent apprehension (assault)." *Skille v. Martinez*, 288 Or. App. 207, 214 (2017) (quotation omitted) (emphasis added).

Mr. Hastings's guilty plea for choking Mr. Cruz constitutes a final judgment on the merits and involves parties in privity with the first proceeding. *See Hydranautics,* 204 F.3d at 885. Thus, Mr. Cruz's motion turns on whether "the issue necessarily decided at the previous proceedings is identical to the one which is sought to be relitigated." *Id.* Mr. Hastings's argues that because strangulation only requires the "*awareness* of one's conduct/circumstances," that does not equal "*intent* to cause harm or offense," so the issues are not identical. Resp. to Mot. for Partial Summ. J. 4, ECF No. 32.

The Court agrees. Under Oregon criminal statutes, "'knowingly' . . . means that a person acts with an awareness that the conduct of the person is of a nature so described" while "'intentionally' . . . means that a person acts *with a conscious objective to cause the result*." Or. Rev. Stat. §§ 161.085 (7)-(8) (emphasis added). And to prove assault and battery under Oregon common law, Mr. Hastings's must have "intend[ed] to cause a harmful or offensive touching with [Mr. Cruz]." *Skille*, 288 Or. App. at 214.

As the guilty plea makes clear, Mr. Hastings's only admitted to being aware of his conduct, not to acting with a conscious objective to cause the result. Decl. of Micah D. Fagey ¶ 2, Ex. A. While a small distinction, it is still an important distinction because it does not prove the requisite intent required for a successful assault and battery claim. *Skille*, 288 Or. App. at 214; *see also Cook v. Kinzua Pine Mills Co.*, 207 Or. 34, 48 (1956) ("We must distinguish between an intent to do an act which may be wilful or wanton and which may result in contact, on the one hand, and an act

3 – OPINION AND ORDER

involving an intent to cause harmful or offensive contact with the person, on the other. An assault and battery involves more than an intentional act. There must be the intent to injure."). Since the issues currently before the Court "are not clearly identical to the issues" involved in Mr. Hastings's guilty plea, the Court cannot apply collateral estoppel.[1] *Hydranautics*, 204 F.3d at 887.

## CONCLUSION

Based on the above reasons, Mr. Cruz's Motion for Partial Summary Judgment (ECF No. 30) is DENIED. The parties are ORDERED to confer and provide a written joint status report within 30 days of this opinion with proposed trial dates.

IT IS SO ORDERED.

DATED this 3rd day of March 2021.

                               s/Michael J. McShane
                               Michael McShane
                               United States District Judge

---

[1] Having said all this, with something more in the record, this motion may have been decided differently. And Mr. Hasting should know that he will likely have to contend with his guilty plea and criminal conviction at trial. *See Metro. Prop. & Cas. Ins. Co. v. Morrison*, 460 Mass. 352, 364 (2011) ("[When] a criminal conviction follows a guilty plea, the plea may be offered as evidence of a defendant's guilt in subsequent civil litigation[.]" (citation omitted)).

4 – OPINION AND ORDER